UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND DIVISION

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 28 2023 ★

LONG ISLAND OFFICE

UNITED STATES OF AMERICA,

Plaintiff-Respondent,

v.

HECTOR VIDAL TORRES,

Defendant-Movant.

Case No. 2:12-cr-00063

RECEIVED
NOV 28 2023
EDNY PRO SE OFFICE

## MOTION TO VACATE CONVICTIONS AND SENTENCE UNDER 28 U.S.C. SECTION 2255

The Defendant, respectfully moves the Court under 28 U.S.C. Section 2255 for issuance of a writ of habeas corpus ad subjiciendum that vacates the November 19, 2019 judgment on the 18 U.S.C. Section 924(c) conviction and sentence in light of United States v. Davis, 139 S. Ct. 2319, 2328-2330 (2019). In support thereof, defendant declares under the penalty of perjury, 28 U.S.C. Section 1746, the following particulars are true and correct:

### JURISDICTIONAL STATEMENT

The Court's jurisdiction is founded upon 28 U.S.C. Section 2255 per U.S. Constitution, Article I, Clause 9, Section 2.

### STATEMENT OF THE FACTS

In 2012, defendant was charged by indictment with violation 18 U.S.C. Section 1962(d)(RICO conspiracy), and 18 U.S.C. Section 1962(d). After extensive pretrial activities, defendant pled guilty. On November 19, 2019, defendant was sentenced to 210 months imprisonment. Defendant did not appeal, and has not filed any motions and/or applications seeking collateral review of the convictions or sentence to date.

In United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court held that conspiring to commit an offense does not categorically require proof of a use, attempted use, or threatened use of physical force for 18 U.S.C. Section 924(c)(1)(A). Id. at 2328-2330. On January 19, 2023, the Second Circuit declared Davis applies retroactively on collateral review. Hall v. United States, 2023 U.S. App. LEXIS 1256, Id. at 10-15 (2d Cir. January 19, 2023). This motion follows.

### GROUND ONE

Under United States v. Davis, 139 S. Ct. 2319, 2328-2330 (2019), United States v. Capers, 20 F.4th 105, 120 (2d Cir. 2021), and the categorical approach, defendant's conviction and sentence under 18 U.S.C. Section 924(c)(1)(A) should be vacated

because it is predicated upon 18 U.S.C. Section 1962(d) which does not categorically require a use, attempted use, or threatened use of physical force.

## SUPPORTING FACTS FOR GROUND ONE

Defendant's 18 U.S.C. Section 924(c)(1)(A) conviction and sentence is predicated upon vicarious/inchoate liability charged under 18 U.S.C. Section 1962(d). The categorical approach prohibits consideration of the underlying offense conduct, and requires review of how the law defines the offense, only. Davis, Id. at 2328-2329.

Conspiring to commit racketeering acts does not categorically require proof beyond a reasonable of force. Defendant could conspire by acting as a getaway driver to a murder without using force, attempting to use force, or threatening to use force, or could be an accessory in the presence of a murder without perpetrating any force.

## ARGUMENT AND POINTS OF LAW FOR GROUND ONE

In Capers, the Second Circuit held:

"The case of RICO conspiracy is thus indistinguishable from the case of Hobbs Act conspiracy we faced in Barrett II. As in that case, even though the crimes that were the object of the conspiracy were crimes of violence, and even though the particulars acts committed by the defendant and his co-conspirators during the course of the conspiracy were 'violent, even murderous', the mere agreement to commit such crimes does not require the use of force - or any action beyond the agreement itself - and therefore is not categorically a violent crime.

That this conclusion applies to RICO conspiracies as to other can come as no surprise. We have said as much on several occasions, although our statements could be seen, strictly speaking, as dicta, or were in the context of summary orders. Thus, in Martinez we noted that '[w]e can assume that the [RICO] conspiracy violation is not a crime of violence because .... a conspiracy offense cannot categorically involve the use of force, since its key element is simply an agreement to commit a crime .... [and] because no violent act [i.e., no act requiring use of force] .... must be committed in order to be guilty of the offense ....

Although these cases may not constitute binding precedent, their results confirm that we have never, since the Supreme Court's decision in Davis, upheld a Section 924(c) conviction predicated on a RICO conspiracy charge, and that we have instead strongly suggested that RICO conspiracies, like other conspiracies to commit violent crimes, do not categorically require the use of force, and are thus not valid predicates for Section 924(c) charges.

In sum, it cannot be the case the RICO conspiracy categorical 'has an element the use, attempted use, or threatened use off physical force against the person or property of another.' 18 U.S.C. Section 924(c)(3)(A). Thus, RICO conspiracy is not a crime of violence." Id. at 120.

## CONCLUSION

Wherefore defendant prays the Court vacates the 18 U.S.C. Section 924(c)(1)(A) conviction and sentence for the foregoing reasons as it will entitle defendant to immediate release with the time remaining on his RICO sentence.

Respectfully Submitted,

x _____  Date: 11/17/23

Mr. Hector Vidal Torres



Hector [illegible]
F.C.I Tucson
P.O. Box 23811
Tucson, AZ 85734

CERTIFIED MAIL
7019 2970 0001 3778 4157

Special Legal Mail

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 28 2023 ★
LONG ISLAND OFFICE

11/28

Clerk U.S District Court
Alfonse M. D'Amato United
States Courthouse Federal Plaza
Room 100 Central
Islip, NY 11722